IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Edward Thomas,            )<br>                                              )<br>                    Plaintiff,          )<br>                                              )<br>v.                                        )<br>                                              )<br>South Carolina Department of Corrections; Jon  )<br>Ozmint, *Former Prison Director*; Medical   )<br>Division; Budget Control; Financial Division;  )<br>South Carolina Local Government, *In their*   )<br>*individual and official capacities*,        )<br>                                              )<br>                    Defendants.      )<br>_____  ) | C/A No. 0:14-4903-DCN-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Charles Edward Thomas, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also alleges state law causes of action and claims under the Americans with Disabilities Act and the Rehabilitation Act. This matter, which was transferred from United States District Court for the District of Columbia (ECF No. 6), is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process due to Plaintiff's failure to prosecute this case.

**I.     Procedural Background**

The Complaint alleges that Plaintiff has tested positive for the Human Immunodeficiency Virus ("HIV") and that the defendants have violated his constitutional rights over a ten-year period. (ECF No. 1 at 3.) The Complaint asserts that the defendants assigned Plaintiff to segregated housing in a dorm for HIV positive inmates, thus forcing him to disclose his medical condition. (Id. at 3-4.) Plaintiff also alleges that the defendants have subjected him to disparate treatment based solely on

his medical condition and have denied him a job in the prison cafeteria based on his HIV status. (Id. at 4.) Plaintiff further claims that the defendants have taken money from his prison account for medication that should be provided at no cost. (Id. at 5.) Plaintiff seeks monetary damages and injunctive relief for the defendants' actions. (Id. at 5, 24-25.)

As indicated above, Plaintiff originally filed this case in the United States District Court for the District of Columbia, which dismissed the case without prejudice on August 22, 2014 for Plaintiff's failure to comply with an order of that court. (ECF No. 4.) Plaintiff filed a motion to reopen the case and the United States District Court for the District of Columbia issued an order granting the motion and transferring the case to the United States District Court for the District of South Carolina. (ECF No. 6.) The transferring court left the ruling on whether Plaintiff should proceed *in forma pauperis* for this court to decide.[1] (Id.)

On January 16, 2015, this court issued an order directing Plaintiff to provide the financial and service documents necessary for initial review and possible advancement of this case. (ECF No. 10.) Plaintiff returned the blank proper form documents to the court and filed a motion seeking "clarity of this new order" and an extension of time to bring the case into proper form "if I must fill out this new packet." (ECF No. 13 at 1.)

The court issued a second order on January 30, 2015 allowing Plaintiff an additional thirty days to provide service and financial documents. (ECF No. 15.) The order further notified Plaintiff that he could amend the Complaint if he did not intend to name some of the defendants listed on the court's docket. (Id.) Plaintiff again returned the court's order and all of the blank financial and service documents provided for his completion. Plaintiff additionally filed a "motion and demand"

---

[1] Plaintiff has not provided this court with an application to proceed *in forma pauperis*. Therefore, no such motion is pending before this court.



asking the court to read correspondence concerning this case and directing the court's attention to a prior case filed in this court, Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-302-DCN (D.S.C. Feb. 5, 2014), raising the same allegations as the instant Complaint. (ECF No. 19 at 1.) Plaintiff's motion objects to having "to pay twice for the same issue and the same defendants." (Id. at 2.)   Plaintiff's motion further indicates that he appealed the dismissal of his prior civil action to the United States Court of Appeals for the Fourth Circuit, which recently remanded the case to this court to determine whether Plaintiff can satisfy the requirements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the time to file an appeal. See Thomas v. South Carolina Dep't of Corr., No. 14-7551, 2015 WL 332045 (4th Cir. Jan. 27, 2015).

**II.     Discussion**

As discussed above, Plaintiff has failed to comply with two orders issued by this court and has failed to provide the necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C. § 1915. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).



In the instant action, Plaintiff appears to indicate that he does not wish to proceed with this case because the Complaint is duplicative of another civil action filed by Plaintiff in this court. Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's orders.  Moreover, as Plaintiff has twice failed to comply with an order of this court, it does not appear that any sanction less drastic than dismissal is available.  Therefore, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court").  Because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 20, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).