IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Edward Thomas, ) | C/A No. 0:14-4903-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections; Jon ) | |
| Ozmint, *Former Prison Director*; Medical ) | |
| Division; Budget Control; Financial Division; ) | |
| South Carolina Local Government, *In their* ) | |
| *individual and official capacities*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Plaintiff originally filed this case in the United States District Court for the District of Columbia, which transferred the action to this court. (ECF No. 6.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE**:

    By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[1] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). As the court grants Plaintiff permission to proceed *in forma pauperis* below, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

---

[1] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is <u>not</u> applicable to *in forma pauperis* cases.

PJG

Plaintiff has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240), which is construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted. (ECF No. 32.)

**MOTION TO PROCEED AND MOTION TO GRANT RELIEF**:

Plaintiff has filed a motion seeking to proceed in this matter (ECF No. 31 at 1) and motion asking the court to grant the relief sought (ECF No. 42 at 1). In light of the court's order remanding the matter for further consideration (ECF No. 26), and in light of the court's recommendation for summary dismissal of this action in a separately docketed Report and Recommendation, Plaintiff's motion to proceed (ECF No. 31) is terminated as moot and his motion to grant relief (ECF No. 42) is denied.

**MOTION FOR EXTENSION OF TIME AND MOTION TO SUBMIT FINANCIAL CERTIFICATE**:

Plaintiff seeks an extension of time to provide a Financial Certificate to the court. (ECF No. 31 at 1.) Plaintiff also files a motion to submit his financial certificate. (ECF No. 42.) As Plaintiff has now provided a Financial Certificate (ECF No. 42-1), his motion for an extension of time to submit this document is terminated as moot. (ECF No. 31.) Plaintiff's motion to submit a Financial Certificate (ECF No. 42) is granted and the Clerk of Court is directed below to append this document as an attachment to Plaintiff's already granted motion to proceed *in forma pauperis* (ECF No. 32).

**MOTION TO AMEND**:

Plaintiff seeks to amend the Complaint to terminate Budget Control and South Carolina Local Government as defendants in this case. (ECF No. 31 at 1.) Plaintiff's motion to amend is granted (ECF No. 31) and the Clerk of Court is directed below to file the motion as an Amended Complaint on the court's docket.

**MOTION TO CONSOLIDATE CASES**:

Plaintiff asks this court to run the instant case "in conjunction" with another case filed by Plaintiff in this court, which is currently on appeal. See Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-302-DCN (D.S.C. May 27, 2014) (affirming report and recommendation for summary dismissal). As Plaintiff's prior civil action has been dismissed, his motion to consolidate the two cases is denied. (ECF No. 31.)

**MOTION FOR CLARIFICATION**:

Plaintiff also seeks clarification (ECF No. 31 at 1) of the court's ruling on an earlier motion filed in this case (ECF No. 19). Plaintiff's motion for clarification is granted (ECF No. 31) and an explanation of the court's disposition of the prior motion (ECF No. 19) is as follows:

Plaintiff's earlier motion directed the court's attention to correspondence and to Plaintiff's appeal of an order dismissing another civil action. (ECF No. 19). Because the court reviewed the information referenced by Plaintiff during the initial review of this case, the motion was granted to the extent that it sought such review. (ECF No. 22.) However, to the extent the motion demanded any other action by the court, it was denied. (Id.)

**MOTION FOR DEFAULT JUDGMENT**:

Plaintiff seeks a default judgment against the defendants. (ECF Nos. 36, 42.) Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This case is recommended for summary dismissal. Therefore, the issuance and service of process has not been authorized and the defendants have not been served with the Amended Complaint. Accordingly, Plaintiff's motions for default judgment are denied as premature. (ECF Nos. 36, 42.)

**TO THE CLERK OF COURT**:

The Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

The Clerk of Court is directed to docket Plaintiff's motion to amend the Complaint (ECF No. 31) as the Amended Complaint in this action and to terminate Budget Control and South Carolina Local Government as defendants in the case. To preserve issues in the case and to give liberal construction to the pleadings, the Clerk of Court is directed to append Plaintiff's Complaint (ECF No. 1) as an attachment to the Amended Complaint.

The Clerk of Court is further directed to append Plaintiff's Financial Certificate (ECF No. 42-1) as an attachment to his motion to proceed *in forma pauperis* (ECF No. 32).

**IT IS SO ORDERED**.

May 20, 2015
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE