IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Edward Thomas, | ) | C/A No. 0:14-4903-DCN-PJG |
|                       Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; Jon Ozmint, *Former Prison Director*; Medical Division; Financial Division, | ) ) ) ) | |
|                       Defendants. | ) ) ) | |

The plaintiff, Charles Edward Thomas ("Plaintiff"), a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also alleges state law causes of action and claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). This matter, which was transferred to this court by the United States District Court for the District of Columbia (ECF No. 6), is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[1]

**I.     Procedural Background**

Plaintiff alleges that he has tested positive for the Human Immunodeficiency Virus ("HIV") and that the defendants have violated Plaintiff's constitutional rights over a ten-year period by

---

[1] To preserve issues in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended to the Amended Complaint (ECF No. 44) as an attachment. The court notes that the Plaintiff in his Amended Complaint expressly sought to terminate Budget Control and South Carolina Local Government as defendants in this action.



assigning him to segregated housing in a dorm for HIV positive inmates, thus forcing Plaintiff to disclose his medical condition. (ECF No. 44-1 at 3-4.) Plaintiff also alleges that the defendants have subjected him to disparate treatment based solely on his medical condition and have denied him a job in the prison cafeteria because of his HIV status. (Id. at 4.) Plaintiff further claims that the defendants have taken money from his prison account for medication that should be provided at no cost. (Id. at 5.) Plaintiff seeks monetary damages and injunctive relief for the defendants' actions.[2] (Id. at 5, 21-25.)

On February 20, 2015 the court issued a Report and Recommendation for summary dismissal of this case (ECF No. 21) based on Plaintiff's failure to comply with two proper form orders (ECF Nos. 10 & 15). Plaintiff objected to the Report and Recommendation, indicating that he had been confused by the orders but was willing to comply with the court's directives if given another opportunity. (ECF No. 24.) The court issued a third proper form order on March 30, 2015, with which Plaintiff complied. (ECF No. 29.) However, as discussed below, the court finds that Plaintiff's claims are still subject to summary dismissal.

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v.

---

[2] To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

**1.     Claims under 42 U.S.C. § 1983**

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**a.     Improper defendants**

Plaintiff alleges a violation of his constitutional rights by the South Carolina Department of Corrections ("SCDC"). However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134



U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[4] As Plaintiff's claims against SCDC, a state agency, are barred by the Eleventh Amendment, this defendant is entitled to summary dismissal from this action.

Plaintiff also lists the Medical Division and Financial Division as parties in this case. However, it is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Moreover, use of a collective term, such as "staff," without identifying specific staff members fails to state an adequate claim against a

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).



"person."  See Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-3244-DCN, 2014 WL 4700219, at *3 (D.S.C. Sept. 19, 2014) (affirming report and recommendation); Wilson v. Greenville Cnty. Det. Ctr. Admin. & Staff, C/A No. 2:13-199-RMG-BHH, 2013 WL 1703733, at *2 (D.S.C. Mar. 27, 2013) (same), adopted by 2013 WL 1716430 (D.S.C. Apr. 19, 2013).  Thus, the Medical Division and Financial Division are not amenable to suit under § 1983 and should be summarily dismissed from this case.

### b. Failure to Exhaust Administrative Remedies

Plaintiff names Jon Ozmint, the former director of SCDC, who would potentially be amenable to suit under § 1983.  The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement.").  The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate.  See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).



Plaintiff has filed two prior cases raising nearly identical claims against Defendant Ozmint.[5] See Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-3244-DCN (D.S.C. Sept. 19, 2014) (denying motion for temporary restraining order and dismissing the Complaint without prejudice and without issuance and service of process); Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-302-DCN (D.S.C. May 27, 2014) (dismissing Amended Complaint without prejudice and without issuance and service of process). As in Plaintiff's prior cases, the instant Amended Complaint seeks a waiver of the administrative exhaustion requirement based on the alleged seriousness of the case and Plaintiff's fear of retaliation for exhausting the grievances process. (ECF No. 44 at 4; ECF No. 44-1 at 1, 7-8.)  However, a "plaintiff's failure to exhaust is not excused by his allegation that he is under threat of imminent danger." See Duckett v. Fuller, C/A No. 6:13-1079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (citing Yisrael v. Whitener, C/A No. 3:13-469-FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); see also Reynolds v. Stouffer, C/A No. DKC-13-824, 2014 WL 576299, at *4 (D. Md. Feb. 11, 2014) (holding that the PLRA does not contain an "imminent danger" exception to exhaustion) (collecting cases). Moreover, Plaintiff's belief that the defendants would retaliate is purely speculative as he provides no factual allegations to indicate that he has ever experienced retaliatory conduct for filing a grievance. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that the "[f]actual allegations must be enough to raise a right to relief beyond the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible"). As it is clear from the face of the pleadings that Plaintiff has

---

[5] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949). The court notes that the Amended Complaint in this action states that it "deal[s] with the same issue" as the two prior civil actions referenced above. (ECF No. 44 at 2.)



submitted the instant case prior to exhaustion of his administrative remedies, Plaintiff's § 1983 claims against Defendant Ozmint are subject to summary dismissal.

### 2.    Claims under the ADA and Rehabilitation Act

The exhaustion requirements of the PLRA also apply to a prisoner's claims under the ADA and Rehabilitation Act. See Toscani v. Litton, C/A No. 8:11-3171-RBH-JDA, 2012 WL 7060753, at *6 (D.S.C. June 29, 2012) (holding that PLRA exhaustion is required for ADA and Rehabilitation Act claims), adopted by 2013 WL 523097 (D.S.C. Feb. 12, 2013); Harding v. Green, C/A No. JFM-11-1561, 2012 WL 1203956, at *2 (D. Md. Apr. 9, 2012) (same) (citing O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060-61 (9th Cir. 2007)).  As discussed above, Plaintiff's failure to exhaust his administrative remedies is clear from the face of the Amended Complaint.  Therefore, any claims raised by Plaintiff under the ADA and Rehabilitation Act are subject to summary dismissal.

### 3.    HIPAA Violations

To the extent the Amended Complaint alleges a violation of HIPAA, there is no private right of action under that statute. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) (noting that "[e]very district court that has considered the issue is in agreement that the statute does not support a private right of action"); Treece v. Winston-Wood, C/A No. 3:10-2354-DCN-JRM, 2012 WL 887476, at *8 (D.S.C. Feb. 23, 2012) (collecting cases), adopted by 2012 WL 896360 (D.S.C. Mar. 15, 2012).

### 4.    State law claims

The federal claims in this action are recommended for summary dismissal.  Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised by Plaintiff. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir.



2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

**III.     Conclusion**

For the foregoing reasons, it is recommended that the Amended Complaint (ECF No. 44) be dismissed without prejudice and without issuance and service of process.

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).